There were a number of other items in plaintiff's claim, which it is alleged were not included in the contract, and for which the defendant company should pay. Some of these claims were sustained in part by the learned judge of the court below and others were submitted to the jury under fair instructions. We do not think it is necessary to discuss them in detail. The appellant complains of that portion of the charge of the learned judge, embodied in the seventh specification, in which he refers to the course of dealing between these parties. We do not think this reference objectionable. It was used to illustrate the construction placed upon this contract by the parties themselves ; when we are asked to say what the parties meant or intended by their contract, it is entirely safe to point to their own construction of it, as evidenced by their course of dealing under it.

Judgment affirmed.


# Murphy, Appellant, *v.* Stanley-Bradley Publishing Company.

*Affidavit of defence law—Commissions on sales.*

In an action to recover commissions for selling books, plaintiff after filing his statement entered a rule on defendants to plead. Subsequently defendants entered a plea, and on the same day filed an affidavit of defence in which they averred that the claim was in excess of the jurisdiction of the magistrate before whom the suit was originally brought ; that the person served with the writ was not the agent of defendants ; that plaintiff was not a resident or citizen of Pennsylvania ; that, under the terms of the agreement, plaintiff was not to receive commissions unless the books which he sold were actually delivered and paid for ; that no orders for the books set forth in the statement had been filled by defendants ; and that under the agreement nothing was due to plaintiff. *Held*, that it was not error to discharge a rule for judgment for want of a sufficient affidavit of defence.

Argued Nov. 1, 1892.    Appeal, No. 143, Oct. T., 1892, by plaintiff, J. F. Murphy, from order of C. P. No. 2, Allegheny Co., July T., 1892, No. 296, discharging rule for judgment. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Rule for judgment for want of sufficient affidavit of defence, on appeal from judgment of alderman for $298 for commissions for selling books.

From the record it appeared that on May 29, 1891, plaintiff filed a statement and entered a rule on defendants to plead. On June 11, 1891, defendants filed a plea, and also an affidavit of defence.

The affidavit of defence denied the jurisdiction of the court, because plaintiff, by his account annexed to his statement, claimed a sum in excess of the jurisdiction of the alderman; and further averred that there was not a legal service of the summons in this suit upon defendants or its agents; that the person served with the writ of summons was not at the time of the service the agent of said company, the agency having been revoked and their business relations discontinued prior to the service of said writ.

That plaintiff is and was at institution of this suit a resident of Massachusetts.

That the contract existing between said Murphy and The Stanley-Bradley Publishing Co., as alleged in plaintiff's affidavit of claim, is a verbal contract, and not a written contract, as this plaintiff would make it appear to the court. His interpretation of the same is untrue and incorrect. Defendant company did have and make a verbal agreement with this agent, as they do with all their agents, as follows, to wit:

The said Murphy agreed to take and turn in orders for books to said Stanley-Bradley Publishing Co., and the said Stanley-Bradley Publishing Co. agreed to pay commissions on such orders, always provided that the orders should be accepted by the said company, and provided that there should be a delivery of the books on said orders, and a payment made on the delivery of the same. That by the understanding and agreement of the said parties, no commissions were to become due and payable until there should be a delivery effected and collection made upon the orders so accepted. That under the terms of said agreement there are now no commissions, nor is there any sum of money due from the said Stanley-Bradley Publishing Co. to the said Murphy.

That at the termination of the employment by the Stanley-Bradley Publishing Co. of the said Murphy, and prior to the

commencement of these proceedings, a statement was rendered the said Murphy by the Stanley-Bradley Publishing Co., showing a balance in favor of the Stanley-Bradley Publishing Co., and the affiant annexes to, and submits to the court a copy of said statement, together with a statement of this plaintiff's entire account as taken from their books.

That the names of the alleged subscribers as set forth in the statement annexed to the plaintiff's complaint are entirely unknown to the Stanley-Bradley Publishing Co., and do not appear on their books; that they have no knowledge of ever having received from this plaintiff any such orders as are therein described, and that no such orders were filled by the Stanley-Bradley Publishing Co., nor any moneys received by them from, or as a result of, such alleged sales.

The itemized statements were not printed in the paper-books. Appellant alleged in his argument that, while his account filed showed a claim in excess of $300, certain items of credit had been omitted. His affidavit of claim alleged a balance due of $298.

The court discharged a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was (2) discharge of above rule.

*Philip Y. Pendleton, Homer L. Castle* with him, for appellant.—Defendant cannot take advantage of his own default in not delivering the books: Galey v. Kellerman, 123 Pa. 491; Wills v. Gas Co., 130 Pa. 222.

*John L. McCutcheon,* for appellee, not heard.—By compelling defendant to plead, plaintiff is barred from recovering judgment for want of an affidavit of defence or a sufficient affidavit: Hamer v. Humphreys, 2 Miles, 28; Richards v. Mink, 46 Leg. Int. 138; Chew v. Griffith, 1 Ashmead, 18; Brewster's Pr., p. 29, § 27. No part of the principal debt can be thrown away in order to give the justice jurisdiction: Peter v. Schlosser, 81 Pa. 439; Collins v. Collins, 37 Pa. 387.

PER CURIAM, January 3, 1893: Judgment affirmed.